Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO:  2:20-CR-116-RMP |
| | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| JESSE FREDERICK DRACH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following sentencing memorandum. The Government is seeking a sentence of twenty-three months in prison, a fine of fifty thousand dollars, and three years of supervised release:

Plaintiff's Sentencing Memorandum            1

I.

SENTENCING CALCULATIONS

The Government agrees with the sentencing guidelines calculations in the PSIR (ECF 34). The PSIR sets out a guideline range of thirty to thirty-seven months with a criminal history category of 1. ECF No. 34 ¶ 96.

II.

GOVERNMENT'S OBJECTION TO PSIR

The Government has no objections to the PSIR (ECF 34).

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

1. The nature and circumstances of the offense and the history and characteristics of Defendant.

In the instant case, the Defendant engaged in a business of selling anabolic steroids over the "dark web" from at least February, 2018 until a confederate was arrested in February, 2020. ECF No. 34 ¶¶ 16, 17, 21. His dark web business resulted in the distribution of thousands of units of anabolic steroids, in total, over one hundred and fifty thousand units of actual distribution along with the seizure of

over twenty-nine thousand additional units. *Id.* at ¶ 30.  The Defendant is thirty-three years old and has minimal criminal history, leading to a criminal history score of zero and a criminal history category of I. ECF No. 34 ¶¶ 47-55, 56.

      2.  <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The Defendant is a self-employed businessman and, during the time of his Dark Web activity and steroid sales, owned and operated a company for personal training and lifting gear. ECF 34, ¶ 88.  Despite that, he also operated a Dark Web site and used it to distribute tens of thousands of units of anabolic steroids. The Defendant's motive appears to be purely that of profit, beyond that he was making through legitimate means. On the other hand, the Defendant has accepted responsibility and sought to avoid further criminal conduct. ECF 34, ¶¶ 26, 89. Given the circumstances the Defendant should receive some prison time to promote respect for the law, but a just sentence is under the guideline range.

      3.  <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

The proposed sentence shows the Defendant that there are consequences for his actions, and if he fails to act in accordance with the law, there could be punishment. Hopefully, a nearly two-year prison sentence will deter the Defendant from engaging in criminal conduct again.  In addition, a criminal fine is appropriate. The Defendant has the resources to pay a fine. ECF 34, ¶ 94. As

previously mentioned, the Defendant operated a web site through which he sold

very large quantities of anabolic steroids. Defendant owes substantial back taxes.

*Id.* at ¶ 93. However, that is a separate issue from the imposition of a fine as

punishment for criminal conduct. *See United States v. Leonard*, 67 F.3d 460, 462

(2d Cir. 1995) "(…[T]he payment of back taxes and interest is a sanction that is

more compensatory than punitive; and civil tax penalties owing under Title 26

irrespective of the existence of a criminal prosecution are not a substitute for the

punitive fines required by Title 18 in the event of such a prosecution and

conviction.").  A significant monetary penalty will serve both general and specific

deterrence of those who set up companies on the dark web to sell illicit products.

4. The need for the sentence imposed to protect the public from further crimes of Defendant.

The Defendant is a danger to the community based upon his conscious

engagement in an internet enterprise advertising, selling, packaging, and shipping

anabolic steroids for at least two years. Twenty-three months of imprisonment

followed by three years of supervised release should protect the public from further

crimes of the Defendant.

5. The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Plaintiff's Sentencing Memorandum                    4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Defendant does appear to be in need of educational and/or vocational training.  ECF 34, ¶¶ 86, 89. The Defendant has independently addressed a substance abuse issue. ECF 34, ¶¶ 82, 85. Three years of supervised release after a two-year prison sentence would allow him an opportunity to pursue further education and employment while being supervised by probation.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of twenty-three months in prison, a fine of fifty thousand dollars, and three years of supervised release.

Respectfully submitted this 16th day of May 2022.

VANESSA R. WALDREF
United States Attorney

s\ Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

Plaintiff's Sentencing Memorandum                5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I hereby certify that on May 16, 2022, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF which will send notification of such

filing to counsel for the Defendant

s\ Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA    98901
(509) 454-4425
Fax (509) 454-4435

Plaintiff's Sentencing Memorandum                    6